IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN M. CARTER, and<br>KRISTINA M. CARTER, | )<br>)<br>) | 8:16CV52 |
| Plaintiffs, | )<br>) | |
| v. | )<br>)<br>) | FINDINGS AND<br>RECOMMENDATION |
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2004-HE4, MORTGAGE PASS THROUGH CERTIFICATES SERIES 2004-HE4, SELECT PORTFOLIO SERVICING, INC., J.P. MORGAN CHASE BANK, N.A., and DOES 1-10, INCLUSIVE, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

This matter is before the court on Plaintiffs' Motion to Remand ([Filing No. 14](#)) and the Defendants' Joint Motion for More Definite Statement ([Filing No. 15](#)). For the reasons explained below, the undersigned will recommend to Chief United States Judge Laurie Smith Camp that Plaintiffs' motion be denied and that Defendants' motion for more definite statement be granted as to Plaintiffs' allegations of fraud.

## BACKGROUND

Plaintiffs filed this action in Nebraska state court on December 21, 2015, alleging that Defendants and their agents engaged in a pattern of unlawful, fraudulent, or predatory real estate lending practices, causing the Plaintiffs and other individuals to lose their homes through foreclosure. ([Filing No. 1-1 at p. 2](#)). Plaintiffs allege Defendants directed borrowers into adjustable rate and negative amortization loans with excessively high interest rates and fees, failed to make material disclosures at the time of the loan processing and closing, and failed to follow proper statutory procedures in the foreclosure process. ([Filing No. 1-1 at p. 2](#)).

1

According to the Plaintiffs' complaint, on July 20, 2005, they executed and delivered a written promissory note in the amount of $220,000 to "Long Beach Mortgage Corporation." Plaintiffs allege they "paid off" the promissory note, but defendants Morgan Stanley ABS Capital 1 Inc. ("Morgan Stanley") and/or Deutsche Bank National Trust Company ("Deutsche Bank") seek payment from Plaintiffs for amounts allegedly due under the promissory note. ([Filing No. 1-1 at p. 2](#)). Deutsche Bank and/or Morgan Stanley have initiated foreclosure proceedings against real property owned by Plaintiffs. ([Filing No. 1-1 at pp. 3-4](#), ¶¶ 18-19). Plaintiffs allege Deutsche Bank and Morgan Stanley are not the holders of the note and therefore are improperly attempting to foreclose on Plaintiffs' real property. ([Filing No. 1-1 at pp. 2-3](#)). Plaintiffs allege foreclosure is also improper because Deutsche Bank and Morgan Stanley failed to provide proper debt validation after Plaintiffs' written requests pursuant to the Fair Debt Collection Practices Act ("FDCPA"), [15 U.S.C. § 1692](#) et seq. ([Filing No. 1-1 at p. 4](#) ¶ 19). Plaintiffs seek "statutory damages" of $1,000 for failure to comply with the FDCPA. ([Filing No. 1-1 at p. 7](#), ¶ 40). Plaintiffs also allege they "requested copies of their entire file" from the defendants pursuant to the Real Estate Settlement Procedures Act ("RESPA"), [12 U.S.C. § 2601](#) et seq., but the defendants failed to respond. Plaintiffs seek $1,000 in statutory damages for the violation. ([Filing No. 1-1 at pp. 4-5](#)). Plaintiffs generally allege that the "actions" of Deutsche Bank, Chase Bank (not a named party), Portfolio Loan Servicing, Inc., and Morgan Stanley "are unlawful, deceitful, and unfair" and violate "state and federal fraud statutes." ([Filing No. 1-1 at p. 7](#)).

Plaintiffs seek to rescind the promissory note due to fraud, breach of fiduciary duty, and "unfair and unlawful business practice[s]." ([Filing No. 1-1 at pp. 5-6](#)). Plaintiffs allege Deutsche Bank, Morgan Stanley, and Chase Bank have a "pattern and practice in the home loan industry" of using "deceit and misrepresentation to lull borrowers into real estate loans . . . that have low teaser rates and negative amortization rates with immediate provisions for interest rate adjustment that quickly raise the monthly payments to an amount higher than the borrower is able to pay." ([Filing No. 1-1 at p. 5](#)). Plaintiffs allege defendants "deceitfully and fraudulent[ly] placed plaintiffs in such a position as those thousands of borrowers for which Deutsche Bank . . . , Chase Bank and other loan entities are now being sued throughout the country." ([Filing No. 1-1 at p. 5](#)). Plaintiffs allege that they "had no reason to know of such fraud and deceitful acts and justifiably relied upon

said defendants to comply with the law and to be fair with plaintiff[s]." ([Filing No. 1-1 at p. 6](#)).

Plaintiffs' complaint sets forth seven "causes of action" generally arising out of the above facts: (1) declaratory determination of the rights of the parties, namely, the identity of the holder of the promissory note and whether defendants failed to meet statutory requirements for conducting a foreclosure sale; (2) injunctive relief preventing the foreclosure; (3) an accounting of the "true amount of money, if any, owed to defendants by plaintiff[s];" (4) "Rescission" of the promissory note due to fraud; (5) wrongful foreclosure; (6) "Unfair and Unlawful Business Practice[s];" and (7) quiet title.

Defendants removed the case to this court on January 27, 2016, on the bases of diversity jurisdiction and federal question jurisdiction. Plaintiffs filed the instant motion to remand on February 27, 216. ([Filing No. 14](#)). Defendants filed a joint motion for more definite statement on March 4, 2016. ([Filing No. 15](#)).

## DISCUSSION

**I. Motion to Remand**

Defendants assert this court has both diversity jurisdiction and federal question jurisdiction. "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *[Baker v. Martin Marietta Materials, Inc.](#)*, 745 F.3d 919, 923 (8th Cir. 2014). "The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction." *[Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.](#)*, 551 F.3d 812, 816 (8th Cir. 2009). Federal courts are to resolve all doubts as to the propriety of exercising federal jurisdiction in favor of remand. *[Dahl v. R.J. Reynolds Tobacco Co.](#)*, 478 F.3d 965, 968 (8th Cir. 2007). The Eighth Circuit has admonished district courts "to be attentive to a satisfaction of jurisdictional requirements in all cases." *[Reece v. Bank of New York Mellon](#)*, 760 F.3d 771, 777 (8th Cir. 2014).

Diversity jurisdiction exists when an action is between citizens of different states and the amount in controversy exceeds the sum of $75,000. [28 U.S.C. § 1332(a)(1)](#). To invoke the Court's jurisdiction under § 1332, there must be allegations of each party's place of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. *[Dale v. Weller](#)*, 956 F.2d 813, 815 (8th Cir. 1992). Where

the pleadings fail to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity. *Id.*; see *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

The pleadings before the court at this time are insufficient to establish diversity jurisdiction because Defendants failed to plead or establish the corporate defendants' principal places of business. Defendants' notice of removal asserts Select Portfolio Servicing, Inc. "is an entity organized under the laws of the State of Utah and is a citizen of Utah for purposes of diversity jurisdiction" and Morgan Stanley "[t]o the extent it exists . . . is a citizen of the State of New York." (Filing No. 1 at p. 3). However, without allegations of the corporate defendants' principal places of business, this court is unable to determine whether complete diversity of citizenship exists. The court recommends granting Defendants seven days to file an amended notice of removal alleging the existence of the requisite diversity of citizenship of the parties. See 28 U.S.C. § 1653 (defective allegations of jurisdiction may be amended).

Nevertheless, the court finds removal was proper based on federal question jurisdiction. "Removal based on federal question jurisdiction is usually governed by the well-pleaded complaint rule." *Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir. 2005) (internal quotation omitted). The well-pleaded complaint rule "provides that federal jurisdiction may be invoked only where a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* This rule "makes the plaintiff the master of the claim, allowing the plaintiff to avoid federal jurisdiction by exclusive reliance on state law." *Id.*

Although Plaintiffs argue they have pled state claims and have only incidentally referred to federal law, within their complaint, Plaintiffs specifically request relief pursuant to federal statutes. Plaintiffs seek "statutory damages" and an injunction against the defendants for allegedly failing to comply with the FDCPA, 15 U.S.C. § 1692 et seq. Plaintiffs also seek "statutory damages" and allege defendants committed an "unlawful and unfair business practice act" by failing to respond to Plaintiffs' request for copies under the RESPA, 12 U.S.C. § 2601 et seq. The court finds that the complaint, on its face, invokes federal question jurisdiction and that Defendants properly removed the case on this basis. Therefore, the court recommends Plaintiffs' motion to remand be denied.

## II. Motion for More Definite Statement

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12. These motions are rarely granted "in light of the liberal notice pleading standard of Federal Rule of Civil Procedure 8 and the liberal discovery available to both sides." *Lemp v. Ocwen Loan Servicing, LLC*, No. 8:08CV35, 2008 WL 2276935, *2 (D. Neb. May 30, 2008) (citation omitted). Federal Rule of Civil Procedure 8 only requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Rule 12(e) motions "are designed to strike at unintelligibility in a pleading rather than want of detail." *Geir v. Educational Unit No. 16*, 144 F.R.D. 680, 685 (D. Neb. 1992).

Defendants assert the complaint is vague and ambiguous because they are not sure who has been sued and in what capacities. Plaintiffs generally allege defendants are wrongfully foreclosing on Plaintiffs' real property because Plaintiffs paid the amount owed under the promissory note, defendants are not the noteholders, and defendants did not comply with the FDCPA or RESPA. The Court finds that the majority of the allegations in the complaint are not so vague or ambiguous that Defendants cannot reasonably prepare a response.

Defendants also argue Plaintiffs' claims of fraud were not pled with particularity. The court agrees. Plaintiffs' complaint make several references to "fraud" or "fraudulent" actions of the defendants that violate "state and federal fraud statutes." Plaintiffs also seek to void or rescind a promissory note on the basis of defendants' fraud. It is not clear from the complaint which defendant committed fraud, how that defendant committed fraud, or when that fraud was committed. Under Rule 9(b), circumstances constituting fraud or mistake must be stated with particularity. Fed. R. Civ. P. 9(b). "Under Rule 9(b), a plaintiff must plead 'such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (quoting *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001)). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007)

5

(quotation omitted).  Plaintiffs' vague and conclusory statements regarding defendants' fraud does not satisfy Rule 9(b)'s particularity requirement.  Therefore, the court finds and recommends that Defendants' motion for more definite statement be granted as to Plaintiffs' allegations of fraud.

**IT IS HEREBY RECOMMENDED** to Chief District Court Judge Laurie Smith Camp that:

1. Plaintiffs' Motion to Remand ([Filing No. 14](Filing No. 14)) be denied.
2. Defendants be granted seven days to file an amended notice of removal.
3. Defendants' Joint Motion for More Definite Statement ([Filing No. 15](Filing No. 15)) be granted as to Plaintiffs' allegations of fraud.  Plaintiffs shall file an amended complaint on or before April 22, 2016.

**DATED:   April 14, 2016**

                          **BY THE COURT:**

                          s/ F.A. Gossett
                          **United States Magistrate Judge**

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation.  Failure to timely object may constitute a waiver of any objection.